Wood, J.
The words charged in the declaration to have been ■spoken of the plaintiff by the defendant, were: “Simpson is a sheep thief. He stole sheep. He stole twenty-five of my brother’s sheep,” etc.; laying the same words, substantially, in different ways. The defendant plead the general issue; and, on the trial, the plaintiff gave evidence which clearly established *the speaking of the words. It also appeared that the plaintiff was driving a flock of sheep, and the sheep of the defendant’s brother, by some means, intermixed with the drove, and on inquiry, the plaintiff denied any knowledge of haying any in his flock but his own. On examination, however, the sheep of the brother of the defendant wore found in plaintiff’s drove. The plaintiff was a candidate for the office of sheriff of Belmont county. He and the defendant belonged to different political parties, and the words wero spoken of the plaintiff, in reference to him as a candidate for sheriff. The general character of the plaintiff was good. It did not appear that any one believed the report put in circulation by the defendant. The plaintiff was elected sheriff by *319 ,a decisive majority, and the verdict was for an amount nearly or quite equal to the value of the whole property the defendant possessed.
"Under the above circumstances, the first question is, are the damages excessive ?
The right to grant new trials for this cause, in actions of slander, is denied by no authority that I have been able to find. It would, indeed, be a reproach to the law if this power did not exist, and it is clearly recognized in many adjudications. There is probably no class of cases whore the feelings of a jury are more liable to improper excitement, and to bo controlled by impulse, rather than sober and unimpassioned judgments, than in slander. If the power to grant new trials is never to be exercised in this action, it would not unfrequently be employed as the instrument of rank injustice and ruinous oppression. The books, however, are uniform, that the verdict should not be set aside unless the amount of damages is so flagrantly outrageous and extravagant as to show that the jury acted corruptly, or under the influence of passion, partiality, or prejudice. 2 Wend. 352; 10 Serg. & Rawle, 399; 12 Johns. 234; Styles, 462; 1 Strange, 92; 5 Durn. & East, 257; 7 Durn. & East, 527; 6 Durn. & East, 619; 5 Cow. 351; 2 Bay, 204. Wo recognize the rule, and while we adhere to it, its application to the case at bar, in our opinion, requires of us to set aside this verdict. It is difficult'to put a case on paper *so as to convey the same impressions that are derived from the hearing of a trial; and the judges who were not present must be influenced, in a measure, by the opinions of those who presided at the investigation.
But, aside from this, when it is considered that the character of the pilaintiff was vindicated, in a measure, by his election; that no one believed the words spoken of him; that they were uttered during the heated contest of the canvass; that there was some reason, though it may have been slight, to show the plaintiff did not act with the utmost frankness and fairness in reference to the sheep, we think the verdict for $850, all the plaintiff was worth, is evidence that it was the result of some unaccountable prejudice, and that it ought not to be sustained. There was a clear right of recovery. It was a fit casé for exemplary damages; but we could not, on the trial, nor can we now, see anything in the evidence, *320 under all the circumstances, if fairly and impartially weighed by the sober and deliberate judgment of a jury, that ought to strip the defendant of his entire property.
The other objections to the verdict are not sustainable. The proof is clear, it is true, that at least one of the jurors had formed, and frequently expressed, opinions unfavorable to the defendant’s-case beiore he was impaneled upon the jury, but this was only cause of challenge. By not putting the inquiry to the jury as to previously formed opinions, and ascertaining, or at least endeavoring to ascertain the fact, any such cause of challenge was waived, and the defendant can not afterward avail himself of such neglect, to set aside the verdict.
The third objection to the verdict is that the jailer named more than one of the jurors called upon the panel, etc.; but it is sustained by no proof submitted, and requires, therefore, no further notice.
The verdict is set aside, and a new trial granted at defendant’s costs, on- the ground of excessive damages alone.
Note. — After this opinion was pronounced, the plaintiffs counsel, on suggestion by the court, agreed to take judgment for $450; and judgment-was-accordingly entered in favor of the plaintiff for that sum.